IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORY WADE, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | FILE No. _____ |
| ) | |
| ROWAN CABINET COMPANY, ) | |
| SCOTT ROWAN and ) | |
| CYNTHIA ROWAN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Cory Wade ("Plaintiff") and hereby submits this Complaint against Defendants Rowan Cabinet Company ("RCC"), Scott Rowan, and Cynthia Rowan on the following grounds:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et. seq.) ("FLSA") to recover (1) unpaid minimum wage and overtime pay; (2) an additional like amount as liquidated damages; and (3) the costs of litigation, including reasonable attorneys' fees.

1

2.

Plaintiff also asserts pendent state law claims which arise out of the same operating facts as his federal claims, including (1) breach of contract; (2) promissory estoppel; (3) quantum meruit; (4) bailment; and (5) attorneys' fees and costs under O.C.G.A. §13-6-11.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to Article III, § 2 of the United States Constitution, 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b) because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue is proper in the Northern District of Georgia, Atlanta Division, because the causes of action arose in this judicial circuit, Plaintiff was employed by RCC in this judicial circuit, and RCC operates its business and

maintains its principal place of business within this judicial circuit and division.

## PARTIES

6.

Plaintiff Cory Wade is a Georgia resident residing in Winder, Georgia, and a former employee of RCC, within the last three years.

7.

At all relevant times, Plaintiff was an "employee" of RCC as defined in the FLSA § 3(e)(l), 29 U.S.C. § 203(e)(l).

8.

At all relevant times, Plaintiff was "engaged in commerce" as an employee of RCC as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

9.

At all relevant times, Plaintiff was engaged in the "production of goods for commerce" as an employee of RCC as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

10.

Defendant, RCC, is a dissolved Georgia corporation. RCC maintains its principal place of business at 90 Jasmine Lane, Oxford, Georgia 30054-4011.

11.

RCC is a business which is engaged in commerce and/or in the production of goods for commerce and is, therefore, subject to the compensation provisions of Section 207 of the Act.

12.

At all times material hereto, Defendant RCC was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

At all relevant times, Defendant RCC was an employer who who employed employees in an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(l), 29 U.S.C. § 207(a)(l).

14.

At all relevant times, Defendant RCC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(l)(A).

15.

At all relevant times, Defendant RCC had two or more "employees" engaged in the "production of goods for commerce" as defined by 29 U.S.C. § 203(s)(l)(A).

16.

At all relevant times, Defendant RCC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

At all relevant times, Defendant RCC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(l)(A).

18.

At all relevant times, Defendant RCC was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 3(s)(l), 29 U.S.C. § 203(s)(l).

19.

Defendant RCC may be served with process by serving its last listed registered agent, Scott Rowan, at its last listed registered address, 90 Jasmine Lane, Oxford, GA 30054.

20.

Defendants Scott Rowan and Cynthia Rowan reside within this judicial circuit.

21.

At all times material hereto, the Rowans exercised operational control over the work activities of Plaintiff.

22.

At all times material hereto, the Rowans were involved in the day to day operation of RCC in which Plaintiff worked.

23.

At all times material hereto, RCC vested the Rowans with supervisory authority over Plaintiff.

24.

At all times material hereto, the Rowans exercised supervisory authority over Plaintiff.

25.

At all times material hereto the Rowans scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

26.

At all times material hereto, the Rowans exercised authority and supervision over Plaintiff's compensation.

27.

At all times material hereto, the Rowans have been an "employer" as defined in the FLSA § 3(d), 29 U.S.C. § 203(d).

28.

The Rowans are subject to the personal jurisdiction of this Court.

29.

The Rowans may be served with process at their principal place of business located at 90 Jasmine Lane, Oxford, GA 30054-4011.

## FACTUAL ALLEGATIONS

30.

Defendant RCC is a cabinet manufacturing and installation company that provides cabinetry on large constructions jobs, such as hotel renovations.

31.

Defendant RCC maintains its principal place of business in Oxford, Georgia, but offers its products and services to customers nationwide, including at hotels in Alabama, Kentucky and Minnesota.

32.

Defendant RCC employs laborers, like Plaintiff, to install cabinetry for its customers.

33.

Defendant RCC improperly paid Plaintiff as an independent contractor from approximately June 2012 until around February 2013.

34.

Prior to June 2012 and after February 2013, RCC paid Plaintiff as an employee.

35.

At all relevant times, Plaintiff regularly worked in excess of 40, 50 and even 60 hours per week while employed by Defendant RCC.

36.

From approximately June 2012 to September 2013, Defendant RCC failed to pay Plaintiff overtime compensation, regardless of the number of

hours worked, at a rate of at least one and one half times his regular rate of pay.

37.

Additionally, at various times between June 2012 and September 2013, Defendant RCC paid Plaintiff below minimum wage for certain hours that Plaintiff worked.

38.

Plaintiff did not exercise any primary management functions of Defendant RCC within the parameters of his employment.

40.

Plaintiff did not have any supervision authority nor did any employees report to Plaintiff.

41.

Plaintiff had no authority to hire or terminate employees.

42.

Plaintiff did not perform any work which required the exercise of discretion and/or independent judgment within the parameters of his job.

43.

Plaintiff was not required to have any advance degree or advanced training to perform the responsibilities of his job.

44.

Plaintiff did not derive any amount of income from commission.

45.

Plaintiff did not sell the services or product of Defendant RCC.

46.

Plaintiff did not qualify for any exemptions from the minimum wage or overtime pay requirements of Section 207 the Act.

47.

Defendants' misclassification of Plaintiff as an independent contractor or an exempt employee, their failure to pay minimum wage, and their failure to pay overtime compensation violated the minimum wage and overtime provisions of the Act.

48.

Defendants are, and have been aware, that their misclassification of Plaintiff, their failure to pay minimum wage, and their failure to pay overtime compensation, violated the provisions of Section 207 of the Act.

49.

Alternatively, Defendants' misclassification of Plaintiff, their failure to pay minimum wage, and their failure to pay overtime compensation, exhibited a reckless disregard for their obligations under the Act.

50.

Plaintiff has been injured by Defendants' conscious and willful refusal to compensate him at a rate equal to or in excess of the minimum wage and their willful refusal to pay him for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay.

## COUNT ONE:  FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 203, 206, 207, 216

51.

Paragraphs 1 through 50 are incorporated herein by this specific reference.

52.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay constitutes a willful and reckless violation of Sections 203, 206, 207 and 216(b) of the Act entitling Plaintiff all relief afforded by the statute.

53.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours

per week at a rate not less than one and one half times his regular rate of pay constitutes a willful violation of the Act entitling Plaintiff to liquidated damages in an amount equal to the compensation owed to Plaintiff.

54.

Defendants' conscious and willful failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay constitutes a willful violation of the Act entitling Plaintiff to extend the statute of limitations for an action under the Act to three years.

55.

Defendants' failure to pay Plaintiff minimum wage and overtime compensation for hours worked in excess of forty hours per week at a rate not less than one and one half times his regular rate of pay in violation of the Act entitles Plaintiff to reasonable attorney's fees for pursuit of this action.

## COUNT TWO:  BREACH OF CONTRACT, PROMISSORY ESTOPPEL AND QUANTUM MERUIT

56.

The allegations contained in Paragraphs 1-55 above are incorporated by reference as if fully set out in this Paragraph.

57.

Plaintiff and Defendants were parties to an agreement or contract of employment (hereafter "the Contract") from at least June 2012 through September 2013.

58.

The agreement or Contract provided that Defendants would pay Plaintiff for work performed.

59.

Defendant not only failed to pay Plaintiff minimum wage and overtime pay, but also refused to issue paychecks at all for certain pay periods.

60.

Defendants' failure to pay Plaintiff for all work performed constitutes a material breach of the Contract.

61.

As the direct and foreseeable result of this breach, Plaintiff sustained damages in an amount to be proven at trial.

62.

Plaintiff's service as a laborer for Defendants conferred a benefit on Defendants.

63.

Defendants failed to pay Plaintiff in accordance with their promise.

64.

Plaintiff relied on Defendants' promise.

65.

Plaintiff's reliance on Defendants' promise was reasonable.

66.

Injustice can only be avoided by enforcement of Defendants' promise and awarding Plaintiff compensation for the work he performed.

**COUNT THREE: BAILMENT**

67.

The allegations contained in Paragraphs 1-66 above are incorporated by reference as if fully set out in this Paragraph.

68.

During Plaintiff's employment with RCC, while working on a particular job in Louisville, Kentucky, he purchased at his own expense certain furnishings and other personal property ("the property") for his own use and the use of his fellow co-workers.

69.

Plaintiff kept the property in an unfurnished housing unit that RCC provided to Plaintiff and his fellow co-workers throughout the duration of the Kentucky job.

70.

At the conclusion of the Kentucky job, Defendants dispatched Plaintiff to a new job in Minneapolis, Minnesota, without giving him the opportunity to return with the property to his home in Georgia.

71.

In consideration of Plaintiff's agreement to go directly to Minnesota for the new job, Defendants promised to transfer the property to Georgia and safeguard it for Plaintiff's benefit.

72.

Plaintiff relied upon this promise and, once he departed for the Minnesota job, left the property in Defendants' independent and exclusive possession and control.

73.

Defendants failed to safeguard the property; rather, upon Plaintiff's return from the Minnesota job, he discovered that the property had been lost,

stolen and/or destroyed while in Defendants' independent and exclusive possession.

74.

As a direct and proximate result of Defendants' failure to safeguard Plaintiff's property, as promised, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT FOUR: COST OF LITIGATION AND ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11

75.

The allegations contained in Paragraphs 1-74 above are incorporated by reference as if fully set out in this Paragraph.

76.

All of Defendants' actions were willful, deliberate, in bad faith and made for the purposes of harassing Plaintiff, delaying Plaintiff from recovering what was due and owed and causing Plaintiff unnecessary trouble and expense.

77.

As a result of Defendants' intentional and willful conduct, Plaintiff is entitled to recover his costs of litigation and attorneys' fees incurred in pursuit of his remedies.

**WHEREFORE,** Plaintiffs prays that this Court:

(a) Take jurisdiction in this matter;

(b) Temporarily, preliminarily and permanently enjoins Defendants from future acts in violation of the Act;

(c) Award such affirmative relief as is required, including minimum wage and overtime compensation in an amount to be proved by Plaintiffs; liquidated damages in an equal amount, front pay, prejudgment interest on the amount due, costs and reasonable attorneys' fees;

(d) Grant a trial by jury; and

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

This 11thday of July, 2014.

                                          **Fried & Bonder, LLC**

                                          /s/ Joseph A. White
                                          Joseph A. White
                                          Georgia Bar No. 754315
                                          jwhite@friedbonder.com
                                          David S. Fried
                                          Georgia Bar No. 277319
                                          dfried@friedbonder.com

                                                          Attorneys for Plaintiff

White Provision, Suite 305
1170 Howell Mill Rd., NW
Atlanta, Georgia 30318
www.friedbonder.com
Phone: (404) 995-8808
Facsimile: (404) 995-8899