

EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between Defendants Rowan Cabinet Company, Scott Rowan, and Cynthia Rowan for themselves and their divisions, subdivisions, parents, and affiliates and Plaintiff Cory Wade (hereinafter referred to as "Plaintiff") with respect to Civil Action Number 1:14-cv-02206-SCJ filed in the United States District Court Northern District of Georgia.

## WITNESSETH:

**WHEREAS**, Plaintiff was employed by Defendant Rowan Cabinet Company; and

**WHEREAS**, on or about July 11, 2014, the above referenced civil action was filed (hereinafter "the Civil Action"); and

**WHEREAS**, Plaintiff asserts claims in the Civil Action for failure to pay minimum wage and overtime under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

Initials _CW_
Initials _CW_

**WHEREAS**, Defendants have denied and continue to deny any liability to Plaintiff on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS**, Defendants assert that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that Defendants, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of Plaintiff or any other person at any time; and

**NOW, THEREFORE**, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Defendants and Plaintiff agree as follows:

## CONFIDENTIAL AGREEMENT

1.

Plaintiff agrees (a) not to disclose the terms of the Agreement; (b) to avoid direct or indirect references, whether by his actions or words, to the terms of the Agreement; (c) not to initiate discussions, correspondence or other communications regarding the terms of the Agreement; (d) to confine any

Initials _/w/_
Initials _/w/_

unavoidable remarks relating directly or indirectly to the terms of the Agreement to a statement to the effect that "the matter has been resolved to the mutual satisfaction of all interested parties;" and (e) not to show the Agreement to or discuss its contents with any person other than his attorneys, his current spouse, his accountant, the Internal Revenue Service, the Georgia Department of Revenue, or such other persons as he may otherwise be required by law to make such a disclosure. Plaintiff understands and acknowledges that the foregoing is a material term of this Agreement. Defendant understands and acknowledges that this Agreement must be filed with the Court for its approval and further acknowledges that the filing of the Agreement with the Court does not constitute a breach of the confidentiality obligations set forth herein.

## CONSIDERATION

2.

Defendants will cause to be paid to Plaintiff and his attorneys. The Settlement Amount consists of the following: (1) one escrow check made payable to "Fried & Bonder, LLC" in the amount of $~~$5,000.00~~ $4,000.00 /w/ for attorney's fees and costs ("Amount Due to Attorney") and (2) one escrow check made payable to Cory Wade in the amount of $~~$6,000.00~~ $7,000.00 /w/ ("Amount Due to Plaintiff"). The Settlement Amount has been paid to William G. Gainer, PC and is being held in William G.

- 3 -

Initials /w/
Initials /w/

Gainer, PC's escrow account pending Court approval of this Settlement Agreement. Payment shall be by delivery of escrow check(s) to Plaintiff's counsel, attention of Joseph A. White, at Fried & Bonder, LLC, 1170 Howell Mill Road, NW, Atlanta, GA 30318 following Court approval of this Settlement Agreement.

Plaintiff and his attorneys agree to provide a completed W-9 Form prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

3.

Plaintiff agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims

-4-

Initials _[illegible]_
Initials _[illegible]_

which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement, and payment of the settlement funds due under Paragraph 2 above, Plaintiff will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "B."

## WAIVER AND RELEASE OF ALL CLAIMS

4.

Plaintiff, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges Defendants and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between Plaintiff and Defendants, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with Defendants, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. Plaintiff

Initials _/w_
Initials _/v_

represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against either Defendants, at this time, whether or not related to his employment. Plaintiff further agrees and acknowledges that Defendants are relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by Plaintiff include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.

- 6 -

Initials _____

Initials _____

Plaintiff represents and warrants that Plaintiff's Attorneys are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by Defendants under the Agreement are intended to include all legal fees, costs, and/or expenses for which Defendants could be liable in connection with the Civil Action.

### *WARRANTY*

6.

Plaintiff represents and warrants that he alone is entitled to assert any claim he may have against Defendants of any kind or character arising out of, or as a consequence of, his employment with Defendants to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. Plaintiff further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. Plaintiff agrees to indemnify and hold Defendants harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against Defendants, or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees

Initials _____

Initials _____

to indemnify and hold Defendants harmless from any costs, expenses or damages sustained by reason of any such claim. Additionally, Plaintiff's counsel warrants that he does not currently represent, and will not represent Rick Lazenby or any other current or former Rowan Cabinet Company employee, with respect to claims against Defendants arising under the Fair Labor Standards act.

## ENTIRE AGREEMENT

7.

Plaintiff affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

8.

- 8 -

Initials _____

Initials _____

In the event of a breach of any of the terms of the Agreement by Plaintiff, or Defendants, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by Defendants, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate. In the event of a breach of the confidentiality provisions found in paragraph 1 of this Agreement by the Plaintiff or Plaintiff's counsel, the entire Settlement Amount under Paragraph (2) of this Settlement Agreement shall immediately become due and payable by Plaintiff. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

9.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

10.

Plaintiff agrees and promises that unless required by law to do so, he will not make any oral or written statements or reveal any information to any person,

Initials _/s/_
Initials _/s/_

company, agency or other entity which disparages or damages Defendants reputation or business. Defendants agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Plaintiff.

### JUDICIAL APPROVAL OF SETTLEMENT

11.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to Plaintiff until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

### OTHER RELIEF, AGREEMENTS AND COVENANTS

13.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

14.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or

Initials _____

Initials _____

unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

15.

This Agreement inures to the benefit of Defendants and their successors, assigns, heirs, executors, and administrators, and Plaintiff consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, Defendant's successors and assigns.

*JURISDICTION AND VENUE*

16.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and Plaintiff and Defendants consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**SO AGREED AND APPROVED BY:**

Initials _____
Initials _____

By: _____[signature]_____
      Cory Wade

Date: 10-6-15

By: _____
      Rowan Cabinet Company

Date: _____

By: _____
      Scott Rowan

Date: _____

By: _____
      Cynthia Rowan

Date: _____

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORY WADE, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | FILE No. 1:14-cv-02206-SCJ |
| ) | |
| ROWAN CABINET COMPANY, ) | |
| SCOTT ROWAN and ) | |
| CYNTHIA ROWAN, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants and, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

Respectfully submitted this 6th day of October, 2015

SO STIPULATED:

By: /s/Joseph A. White
Joseph A. White
Georgia Bar No. 754315
David S. Fried
Georgia Bar No. 277319

FRIED & BONDER, LLC
White Provision Ste. 305
1170 Howell Mill Rd. N.W.
Atlanta, GA 30318
(404)995-8808

*Attorneys for Plaintiff*
*Defendants Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORY WADE, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | FILE No. 1:14-cv-02206-SCJ |
| ) | |
| ROWAN CABINET COMPANY, ) | |
| SCOTT ROWAN and ) | |
| CYNTHIA ROWAN, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing STIPULATION OF DISMISSAL WITH PREJUDICE using the CM/ECF system, a true and correct copy has been served via U.S. First Class Mail on Defendants as follows:

Scott Rowan
90 Jasmine Lane
Oxford, GA 30054

Cynthia Rowan
90 Jasmine Lane
Oxford, GA 30054

Rowan Cabinet Company
90 Jasmine Lane
Oxford, GA 30054

This 6th day of October, 2015.

By: /s/ Joseph A. White
Joseph A. White

15